IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:19-CV-46-FL

| | |
|---|---|
| JODIE LYNNE MIDGETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ANDREW SAUL, Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on the parties' cross-motions for judgment on the pleadings. (DE 20, 22). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., issued a memorandum and recommendation ("M&R") (DE 24), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm the final decision by defendant. Plaintiff timely objected to the M&R. In this posture, the issues raised are ripe for ruling. For following reasons, the court rejects the M&R, grants plaintiff's motion, denies defendant's motion, and remands for further proceedings.

## BACKGROUND

On May 2, 2016, plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income, alleging disability beginning May 29, 2014. The applications were denied initially and upon reconsideration. A hearing was held on September 6, 2018, before an administrative law judge ("ALJ"), who determined that plaintiff was not disabled

in a decision dated June 4, 2018. After the appeals council denied plaintiff's request for review, plaintiff commenced the instant action on December 23, 2019, seeking judicial review of defendant's decision.

## DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (citations omitted). The standard is met by "more than a mere scintilla of evidence . . . but less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review . . . is a record of the basis for the ALJ's ruling, which should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "'include a narrative discussion describing how the evidence supports each conclusion,'" Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).

2

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the [listed] impairments; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the social security claimant during the first four steps of the inquiry, but shifts to defendant at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. At step two, the ALJ found that plaintiff had the following severe impairments: fibromyalgia and osteoarthritis. However, at step three, the ALJ determined that these impairments were not severe enough to meet or medically equal one of the listed impairments in the regulations.

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform medium work, except with the limitation that she "can frequently climb ladders, ropes, and scaffolds, and frequently climb ramps or stairs." (Tr. 20). At step four, the ALJ concluded plaintiff is able to perform past relevant work as a reservationist. In addition, the ALJ found that there are jobs that exist in significant numbers in the national economy that plaintiff can perform. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

B. Analysis

In her objections, plaintiff argues that the ALJ erred by: 1) giving little weight to the opinions of Dr. Al Hodges ("Hodges"), 2) determining that plaintiff had the residual functional capacity ("RFC") to perform a reduced range of medium work, 3) determining plaintiff was not disabled under Vocational Rule 201.14, 4) finding that plaintiff's statements were not entirely consistent with the medical and other evidence, and 5) in failing to accurately set forth all limitations in the hypothetical question posed to the vocational expert.

Although the M&R rejected each of these arguments, it did not do so with the benefit of the opinion of the United States Court of Appeals in <u>Arakas v. Commissioner, Social Security Administration</u>, 983 F.3d 83 (4th Cir. 2020), in which the court set forth standards for addressing evidence related to fibromyalgia. In light of <u>Arakas</u>, there are several aspects of the ALJ's decision

4

that require further explanation, through application of "the pertinent legal requirements to the record evidence," to enable a "meaningful review." Radford, 734 F.3d at 295; Monroe, 826 F.3d at 191.

First, in Arakas, the court held that "ALJs may not rely on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia or some other disease that does not produce such evidence." 983 F.3d at 97. Here, the ALJ's opinion suggests just such reliance. In particular, in discounting the limiting effects of plaintiff's severe impairments, the ALJ stated:

> There are no x-rays, magnetic resonance imaging (MRI), or other diagnostic findings that support the claimant's complaints nor does the claimant seek regular medical treatment for her symptoms other than to obtain prescription refills. She was consistently observed to have a symmetric, steady gait without the need for an assistive device. She generally had full range of motion in all of her extremities during examinations.

(Tr. 24). At the same time, the ALJ credited the opinions of a consultative examiner, based upon discussion focused almost entirely on lack of objective medical evidence. For example, the ALJ noted: "the claimant had full range of motion throughout and had the ability to squat and rise with ease." (Tr. 25). The ALJ placed great weight on this opinion because it was "supported by the longitudinal evidence of record, which consistently showed the claimant had a symmetric, steady gait and did not use an assistive device." (Id.).

Relatedly, Arakas suggests that evidence of "trigger point findings" in conjunction with a lack of other clinical findings, may substantiate claimed limitations due to fibromyalgia. 983 F.3d at 96-97. Here, the ALJ noted that Dr. Fountain "treated [plaintiff] with a trigger point injection," on January 22, 2018. (Tr. 24). In addition, the ALJ noted Dr. Fountain "observed she had a tender point," on July 31, 2018, and "diagnosed a probable flare of fibromyalgia and arthritis," but the ALJ discounted this with the observation that "she had no joint effusions and full range of motion

5

in all joints." (Id.). Similarly, the ALJ noted that, in 2014, "despite having the tender points," upon examination, she "had adequate range of motion in hips," and elbows and shoulders. (Tr. 22). Thus, the ALJ's opinion again suggests an improper reliance upon clinical findings to discredit fibromyalgia complaints, contrary to the direction in Arakas. 983 F.3d at 97.

Second, in Arakas, the court determined that the ALJ erred by faulting the plaintiff "for failing to pursue non-conservative treatment options where none exist" for fibromyalgia. 983 F.3d at 102. Here, too, the ALJ similarly faulted plaintiff, noting: "The medical evidence of record reflects only conservative treatment for fibromyalgia and osteoarthritis with prescription and over-the-counter medications." (Tr. 24). The ALJ also noted that "[t]he claimant had only two visits with a rheumatologist during which neither fibromyalgia nor osteoarthritis were diagnosed." (Id.). In light of Arakas, remand is required for further explanation of how conservative treatment is inconsistent with plaintiff's claimed impairments due to fibromyalgia. As the Fourth Circuit noted, "[p]ersistent attempts to obtain relief of symptoms, such as increasing dosages and changing medications, trying a variety of treatments, or referrals to specialists, may be an indication that an individual's symptoms are a source of distress and may show that they are intense and persistent." 983 F.3d at 102. Here, plaintiff attempted a variety of treatment options for persistent pain, with to obtain relief. (See, e.g., 451-452, 458-459, 465, 473-475, 481, 485, 499, 505, 518-519, 539, 545, 546). Further, the ALJ's summary of plaintiff's treatment by a rheumatologist fails to note that plaintiff was diagnosed with multiple types of chronic pain, and that the physician made "findings which can be seen with a chronic pain/fibromyalgia type syndrome." (Tr. 312).

Third, in Arakas, the Fourth Circuit determined that the ALJ erred in discounting the opinion of a treating physician, on the basis that the opinions were "more vocational" than "medical" and "thus not worthy of great weight," in reference to a treating physician's opinion

6

that the plaintiff "had been unable to sustain full-time work activity of 8 hours per day, 5 days a week—even at a light exertional level" 983 F.3d at 109. The court held "ALJs may not disregard such opinions when offered by a treating physician," noting the example of a case where it held that an "ALJ improperly refused to credit the treating physician's medical opinion that his long term patient was totally disabled." Id. (quotations omitted). Here, the ALJ discounted Dr. Hodge's opinion, in part on the basis that it "is on an issue reserved for the Commissioner." (Tr. 25). This explanation, in this part, runs against Arakas's suggestion that this is not a proper basis to discount a treating physician's opinion. 983 F.3d at 109. This is particularly true for Dr. Hodge who treated plaintiff on multiple occasions, apart from treatment by physicians in the same office. (See, e.g., Tr. 386-418, 489-499). Again, while the Commissioner may be able to articulate other reasons for discounting the opinion of Dr. Hodges, this must be done in the first instance on remand.

Finally, the ALJ's decision appears to discount plaintiff's symptoms of fibromyalgia based upon lack of records of an initial diagnosis. In particular, the ALJ states: "claimant testified she was diagnosed with fibromyalgia prior to the alleged onset day and was later diagnosed with osteoarthritis; however, there are [sic] no medical evidence of record reflecting the claimant's initial diagnosis of fibromyalgia." (Tr. 22). However, there appears to be an inconsistency between the ALJ's summary and the evidence in the record. In a treatment note dated November 20, 2007, Dr. Bently Crabtree, Jr., ("Crabtree"), a physician in the same office as Dr. Hodges, diagnosed plaintiff with fibromyalgia. (Tr. 409). He also noted: "Exam of her neck and back shows reproducible trigger point tenderness across" multiple muscle groups. (Id.; see also Tr. 420 (stating that Dr. Seaborn Blair "diagnosed [plaintiff] with fibromyalgia in her late 20s")).

In sum, while the Commissioner may be able to articulate on remand other or different explanations for discounting plaintiff's claimed limitations due to her long-running fibromyalgia,

7

such explanations must be provided by the Commissioner in the first instance in accordance with the principles recently set forth in Arakas.

## CONCLUSION

Based on the foregoing, the court REJECTS the recommendation in the M&R. Plaintiff's motion for judgment on the pleadings (DE 20) is GRANTED, defendant's motion for judgment on the pleadings (DE 22) is DENIED, and this matter is REMANDED to defendant pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this order. The clerk is DIRECTED to close this case.

SO ORDERED, this the 31st day of March, 2021.

LOUISE W. FLANAGAN
United States District Judge